HON. JOHN J. FOX Town Attorney, Orangetown
This is in response to your letter wherein you ask for an opinion of the Attorney General relating to the following. You state that the Town Board of the Town of Orangetown is desirous of appointing an Acting Village Justice from a village within the Town to the Town of Orangetown Consumer Protection Board, which Board, inter alia, has subpoena powers and reports to the appropriate law enforcement officers any information concerning violations of any consumer protection laws. Your specific question is whether the remote possibility that the Acting Village Justice could be called for an arraignment, on a matter which was before the Consumer Protection Board, bars his initial appointment. You point out that the Acting Village Justice could disqualify himself on any judicial duties relating to a matter, which was before the Consumer Protection Board and further ask if the mere potential conflict make the two offices incompatible.
Village Law, § 3-301(2) (a), provides, in part:
"2. Any village may have the following officers:
 "a. no more than two village justices, but in the event a village has one justice, it shall also have an acting justice who shall serve in the absence or inability of the village justice to serve. * * *"
In People ex rel. Ryan v. Green, 58 N.Y. 295 (1874), a landmark case of incompatibility of offices, Judge Folger stated at page 304:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonizm which would result in the attempt by one person to faithfully and impartially discharge the duties of the one, toward the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law. * * *" (Emphasis supplied.)
An acting village justice in performing his duties must be impartial, while a member of a consumer protection board is charged with the duty of enforcing the consumer protection laws, which may entail court actions requiring judicial determinations in his and other courts. In view of the language contained inPeople ex rel. Ryan v. Green, supra, we conclude that the two offices of Acting Village Justice in a village within the Town of Orangetown and membership on the Town of Orangetown Consumer Protection Board are incompatible, per se.